# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

Flake, Tristan A.    Plaintiff(s),

v.

Case: 2:16-cv-10729
Judge: Lawson, David M.
MJ: Patti, Anthony P.
Filed: 03-01-2016 At 01:57 PM
CMP FLAKE V. GROUP FIVE MANAGEMENT ET AL (NA)

Group Five Management -
JDG + Associates     Defendant(s).

## COMPLAINT

I. **Defendant(s).** Print the full name for each defendant. If there are more defendants, use additional pages to provide their names.

**Name of Defendant(s)**

1. Group Five Management   280 N Old Woodward
2. JDG + Associates        Suite 406 Birmingham, MI 48009
3.
4.
5.

II. **Statement of claim.** Briefly state the facts of your case. Describe how each defendant is involved, and exactly what each defendant did, or failed to do. Include names of any other persons involved, dates, and places. You may use additional paper if necessary.

III. Relief. Briefly state exactly what you want the court to do for you.

Plaintiff is seeking $4.8 mil in relief; Defendant was less than accommodating of Educational Goals, and was wrongfully ejected and Denied Housing

IV. <u>Additional Information.</u> – Briefly enter any additional information, you may use additional paper.

V. <u>Demand for Jury Trial.</u> Check this box if you want your case to be decided by a jury, instead of a judge.

☑ Plaintiff demands a jury trial on all issues.

Dated: 03-01-2015

_Triston Flake_
Plaintiff's Signature

Triston R. Flake
Plaintiff's Printed Name

10241 Prairie
Street Address

Detroit, MI 48204
City, State, Zip Code

(586) 804-2240
Telephone Number

triston.flake@gmail.com
E-mail Address

Director Office of Enforcement 04/06/2015
FHEOC
U.S. Department of Housing and Uban Development
Rm 5226
451-7th Street
SW
Washington, DC 20410-2000

Dear Director of the FHEOC,

Subject: Housing Disrimination Complaint
    Flake, Tristan v. Group Five Management/ JDG & Associates
    Inquiry No. :    364707
    HUD Case No. :    051402088

    Complaintant Tristan R. Flake is hereby requesting a notice of reconsideration due to that, upon his review of the notice of dismissal, Complaintant found statements of the parties involved that have been made to be statements of admitance, of the alligations and evidence submitted and found; Furthermore the Complaintant would also like to state that he has received the HCV (Housing Choice Voucher) from Szanjna & Associates for a second time, as of, Feb 25, 2015 Per. MSHDA. During the breifing that was held at the Hope Center located at, 33222 Groesbeck Hwy, Fraser, MI 48026, in which the Complaint was told the policy and resposibilties of the Landlord and Tenant; the Complaint was also told, "Upon the submission of income verifacation, "If there is anyone on the HCV that is a full time student in College, at NO TIME will the student be held accountable for income by MSHDA or the landlord, even if the student is working a full time job at the time they are enrolled in school full time, but instead the voucher; as well as, its utility allowance (that is calculated according to square feet of the dwelling unit, will be loaded to a "Bank of America" debit card monthly when utilities are not included in rent) is counted and used as income verfication for indiviuals with no income; The portion is caculated as such when the HCV's beneficiarie's income stands at 0%(so as the portion equals to 0%)", as well as, "Do not tell the landlord that you are seeking housing with, how much the HCV is if the unit you are seeking is within the price range of your voucher, because they may very well suggest a unit that may max out the amount of your voucher; which is discrimination..." -Chistina HCV Case Management, of Szanjna & Associates. Along with this request, the Complaintant is submitting copies of HCV amount and verifications.

Thank you,

Tristan R. Flake
20415 Erin St.

Roseville, MI 48066

tristan.flake@gmail.com
(586)5226669

Swanson, Tihana C

From: JDG Associates <jdgassoc@comcast.net>
Sent: Friday, May 23, 2014 5:05 PM
To: Swanson, Tihana C
Subject: Tristan Flake
Attachments: img402.jpg; img403.jpg; img404.jpg; img405.jpg

These forms are normally part of the "move package" but were not sent to us by RPI. Had they been filled out, RPI would have determined that Tristan's choice was not affordable. JDG normally determines affordability as a courtesy before transferring a case to another HA (Housing Agent). It is however up to the receiving HA to determine affordability, therefore RPI did no wrong in sending the case to JDG. I have completed the forms today as an example, and to help you better understand how affordability is determined.

MSHDA1793c (Utility Schedule Region 3 for 2012)
MSHDA146 (Voucher Briefing Information)

1

him that he wanted to live in Macomb County because he would barely have to pay any rent; but Ebaugh stated that he never told Complainant what he would pay and that his advice was always to speak to the agents about his particular case. Ebaugh stated that Complainant's services with him ended in February 2012.

|  | Interviewer: | Interviewee: |
|---|---|---|
|  | Type: | Position: |

**Notes:**

**Summary:** Respondent Serr stated that Complainant had spoken with her about the cost of units during a visit to the subject property; but recalls the discussion to be long before he actually moved into the subject property. Serr stated that during his first visit she remembers a unit being available, which was priced below the unit Complainant ultimately moved into. Serr stated that during a later visit Complainant requested information on unit availability and was told that a higher priced unit was available for immediate occupancy, with a lower priced unit becoming available for a November move in. Serr stated that Complainant stated that he needed to move in right away and would accept the higher priced unit. Serr stated that she housed Complainant in the unit that he sought. Serr stated that the higher priced units were higher because they either had more, or superior features.

During her interview Respondent Serr stated that Complainant never paid any rent. Serr stated that Complainant failed to place the utilities in his name resulting in the subject property being billed, and paying, $175.67 for his unpaid utilities. Serr stated that she provided Complainant with a statutory seven (7) day notice to quit which permitted him to pay the debt owed and remain a tenant. Serr stated that ultimately she filed for money damages and possession in the 37th District Court because Complainant refused to pay. Serr stated that on February 11, 2013, the case was presented to the Court and because Complainant failed to appear a default judgment was issued in favor of the subject property for possession and a money judgment, in the event Complainant did not pay the $616.86 by February 21, 2013. Serr stated that Complainant filed a motion to set aside the default judgment and stay the eviction, which was granted. Serr stated that a second hearing was conducted on March 4, 2013, on the original complaint and a new judgment was entered for $663.00 which allowed her to seek a writ for possession if Complainant did not pay the $663.00 or move out by, March 15, 2013. Serr stated that Complainant moved out in April 2013.

During her interview Serr stated that she has no idea what Complainant's sexual orientation is. Serr stated that During Complainant's tenancy he had a female who seemed to reside with him, despite her not being listed as an occupant on his lease. Serr stated that she assumed the woman was Complainant's girlfriend, but does not know. Serr stated that the woman is the one that tried to break Complainant's door down. Serr stated that she does not know if the police were called by Smiley and acknowledged that she did meet the police at Complainant's unit. Serr stated that she never told Smiley to go to Complainant's door. Serr stated that she is unaware of Smiley's sexual orientation. Serr stated that Smiley is lighter completion than Complainant, but she doesn't prefer one completion to another.

## CLOSURE PREREQUISITES

Why Non-Jurisdictional:
Date Of Pre-Withdrawal Request:
Date Of Withdrawal Request:
Date Trial Commenced:

## HOMEOWNERSHIP OPPORTUNITIES PROVIDED FOR MINORITIES

No data entered.

## HOMEOWNERSHIP OPPORTUNITIES PROVIDED - GENERAL/AFFORDABLE HOUSING

No data entered.

U.S. Department of Justice
950 Pennsylvania Avenue, NW                    05/13/2015
Washington, DC 20530-0001


Hi,

My name is Tristan Flake I filed a complaint of housing discrimination on the date of December 2, 2013. I have received the letter of disposition of, 'No Reasonable Cause' April 10, 2015. While the letter had already been opened by someone beyond my knowledge, it was to my surprise that the notice had read 'No Reasonable Cause' when through my review of the letter were found statements of admittance by the responding parties of the claims of discrimination, I have contacted the Director of the FHEO with a request of reconsideration of the decision; Furthermore I'm told by Keith Nelson of Congressional Representative Sander Levin's 9th Congressional District Of Michigan Office, that the responses from the HUD FHEOC investigator, 'Tihana Swanson' of the HUD Detroit Field Office were untimely. I live under a bridge with a Housing Choice Voucher (HCV) that can not be placed in Macomb County, MI due to reasons of discrimination. I have literal lost everything I have ever solely owned from the effect of the reasons listed in my, 'HUD Housing Discrimination Complaint'; otherwise know as, inpunitive and irreplaceable damages. I'm currently physically disabled and I have a Social Security disability claim with a decision of 'Unfavorable' awaiting an appeal to the Appeals Council for a request of reconsideration of the redetermination appeal. I will be sending a fax of some documents concerning my case. If you have any inquiries about the MSHDA policy for my HCV contact Christina HCV case management of Szanjna & Associates Contractors for MSHDA, @ P.O. Box 787 Mt. Clemens, MI, 48046, Phone:(586) 468-1775, Fax:(586) 468-1792.


Sincerly,


Tristan R. Flake

20415 Erin St
Roseville, MI 40866

tristan.flake@gmail.com
(586) 522-6669

# MEMO TO FILE

CASE NAME: Flake, Tristan v. Group Five Management

CASE NUMBER: 05-14-0208-8

From: Tihana C. Swanson, Equal Opportunity Specialist/Investigator, Detroit FHEO Center

Date: February 19, 2014

Subject: Witness Interview- Christy Beleshi


On February 19, 2014, Christy Beleshi was interviewed. Beleshi stated that she is an agent of JDG and that RPI sent Complainant's master file to JDG because RPI does not service Macomb County. Beleshi stated that the master file was not received by JDG until September 13, 2013, because RPI always sends late and incomplete files without regard to the race or gender of the recipient. *[handwritten: JDG was late Not RPI, all confirmations were Received from RPI, See exibit D pg. 4]*

Beleshi stated that the proper procedure for a transfer is as follows:

1. The recipient submits a written request to move with his landlord and his housing agent.

2. The recipient is briefed on the moving process by the transferring agent and is issued a move-in packet. *[handwritten: RFI not JDG, see next page]*

3. The recipient shops for a home.

4. Once the home is located, a request for tenancy approval (hereinafter, RFTA), is submitted to the transferring agent. The RFTA is found within the move-in packet and is completed by the prospective landlord. Usually the prospective landlord submits the RFTA to the agent directly, but it can be submitted by the recipient. *[handwritten: RFTA, Not Master File (Lied About)]*

5. The recipient submits any documentation required in the move-in packet to the transferring agent.

6. Within 14 days of receiving the move-in packet the transferring agent sends the entire file to the new agent, including the move-in packet. *[handwritten: JDG Did not Allow enough time for Master File.]*

7. The new agent determines affordability.

8. Within 14 days of determining affordability an inspection is completed on the prospective unit.

9. Upon approval of the inspection the recipient is permitted to move into the unit.

Beleshi stated that JDG received the move-in packet from RPI on September 13, 2012, and began to process Complainant's request to move into the subject property; first, by determining affordability. Beleshi stated that On September 14, 2012, she notified Complainant that the subject property was not affordable. Beleshi stated that the reason she deemed the subject property unaffordable was because according to Complainant's September 1, 2012, annual review, complete by RPI, his annual income was only $2,775.00. Beleshi stated that Complainant became argumentative and told her that his annual income was two (2) times the amount stated. Beleshi stated that she informed Complainant that he could speak with her manager, Gush. Beleshi stated that on September 18, 2012, Complainant met with Gush and provided her with his school verification which reflected that Complainant received a Pell grant in the amount of $2,775.00, per semester. Beleshi stated that Gush determined that Complainant received $2,775.00 for two (2) separate semesters and that the annual review, completed by RPI, only reflected one (1) semester's worth of income. Beleshi stated that based upon the school verification form, Gush deemed the subject property affordable on September 18, 2012, and scheduled inspection of the subject property. Beleshi stated that the subject property was inspected on September 26, 2012, and Complainant could have moved in immediately.

Beleshi stated that there is no such thing as a County paying 100% of any recipient's rent or utilities. Beleshi denied telling Complainant that he would not have to pay rent or utilities at the subject property and that Complainant is mistaken. Beleshi stated that Complainant was well aware of his requirement to pay 30% of his income on his rent and utilities.

# MSHDA
MICHIGAN STATE HOUSING DEVELOPMENT AUTHORITY

# MOVE REQUEST AND VERIFICATION OF GOOD STANDING

Date: 6-29-12

Landlord:
Westport Property Management LTC
Jerry Harmon
PO Box 24994
Detroit, MI 48224
Requested Date of Move: 8-31-12

Tenant:
Tristan Renard Flake
~~[redacted]~~
Detroit, MI 48238

**Instructions to Landlord:** *Please complete and return this form to your Housing Agent at the address listed below within 10 business days of the date at the top this form.*

## ACKNOWLEDGEMENT OF RECEIPT OF NOTICE OF INTENT TO VACATE AND VERIFICATION OF GOOD STANDING (THIS SECTION TO BE COMPLETED BY LANDLORD)

I hereby acknowledge receipt of:

[x] Notice of Intent to vacate (30 day notice) from tenant in accordance with the terms of the dwelling lease/rental agreement, or

[ ] Receipt of Notice (MSHDA 96) and acceptance of a waiver of the required notice period, and acceptance of tenant's intent to vacate as a mutual waiver of the required notice period.

I hereby certify that participant:

[x] Is in good standing:
Not delinquent in rent, not delinquent in utility bills that landlord would be responsible to pay upon tenant vacating, no tenant caused damages above normal wear and tear, and no violations of terms and conditions of lease.

[ ] Is NOT in good standing, for the following reasons (*submit documentation to the Housing Agent to support the participant is not in good standing*):

_____
_____
_____
_____
_____
_____
_____

Landlord's Signature: X _[signature]_                              Date: 7/10/12

If you have any questions, please contact:
RPI Management
20455 Van Born
Taylor, MI 48180
313-846-4401

RECEIPT [illegible]
CM

MSHDA 138 – Move Request and Verification of Good Standing - (6/27/2012)        Previous Versions Obsolete     D-3 pg#4

him that he wanted to live in Macomb County because he would barely have to pay any rent; but Ebaugh stated that he never told Complainant what he would pay and that his advice was always to speak to the agents about his particular case. Ebaugh stated that Complainant's services with him ended in February 2012.

|  | Interviewer: | Interviewee: |
|--|--------------|--------------|
|  | Type: | Position: |

**Notes:**

**Summary:** Respondent Serr stated that Complainant had spoken with her about the cost of units during a visit to the subject property; but recalls the discussion to be long before he actually moved into the subject property. Serr stated that during his first visit she remembers a unit being available, which was priced below the unit Complainant ultimately moved into. Serr stated that during a later visit Complainant requested information on unit availability and was told that a higher priced unit was available for immediate occupancy, with a lower priced unit becoming available for a November move in. Serr stated that Complainant stated that he needed to move in right away and would accept the higher priced unit. Serr stated that she housed Complainant in the unit that he sought. Serr stated that the higher priced units were higher because they either had more, or superior features.

During her interview Respondent Serr stated that Complainant never paid any rent. Serr stated that Complainant failed to place the utilities in his name resulting in the subject property being billed, and paying, $175.67 for his unpaid utilities. Serr stated that she provided Complainant with a statutory seven (7) day notice to quit which permitted him to pay the debt owed and remain a tenant. Serr stated that ultimately she filed for money damages and possession in the 37th District Court because Complainant refused to pay. Serr stated that on February 11, 2013, the case was presented to the Court and because Complainant failed to appear a default judgment was issued in favor of the subject property for possession and a money judgment, in the event Complainant did not pay the $616.86 by February 21, 2013. Serr stated that Complainant filed a motion to set aside the default judgment and stay the eviction, which was granted. Serr stated that a second hearing was conducted on March 4, 2013, on the original complaint and a new judgment was entered for $663.00 which allowed her to seek a writ for possession if Complainant did not pay the $663.00 or move out by, March 15, 2013. Serr stated that Complainant moved out in April 2013.

During her interview Serr stated that she has no idea what Complainant's sexual orientation is. Serr stated that During Complainant's tenancy he had a female who seemed to reside with him, despite her not being listed as an occupant on his lease. Serr stated that she assumed the woman was Complainant's girlfriend, but does not know. Serr stated that the woman is the one that tried to break Complainant's door down. Serr stated that she does not know if the police were called by Smiley and acknowledged that she did meet the police at Complainant's unit. Serr stated that she never told Smiley to go to Complainant's door. Serr stated that she is unaware of Smiley's sexual orientation. Serr stated that Smiley is lighter completion than Complainant, but she doesn't prefer one completion to another.

## CLOSURE PREREQUISITES

Why Non-Jurisdictional:
Date Of Pre-Withdrawal Request:
Date Of Withdrawal Request:
Date Trial Commenced:

## HOMEOWNERSHIP OPPORTUNITIES PROVIDED FOR MINORITIES

No data entered.

## HOMEOWNERSHIP OPPORTUNITIES PROVIDED - GENERAL/AFFORDABLE HOUSING

No data entered.

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Flake, Tristan R.

**(b)** County of Residence of First Listed Plaintiff __Wayne__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

### DEFENDANTS
Group Five Management - JDG + Associates

County of Residence of First Listed Defendant __Oakland + Macomb__

Case: 2:16-cv-10729
Judge: Lawson, David M.
MJ: Patti, Anthony P.
Filed: 03-01-2016 At 01:57 PM
CMP FLAKE V. GROUP FIVE MANAGEMENT ET AL (NA)

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☒ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☒ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☒ 830 Patent | ☒ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | LABOR | ☐ 840 Trademark | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☒ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | ☒ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☒ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☒ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☒ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: | ☐ 462 Naturalization Application | | |
| | ☒ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☒ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: Housing Discrimination, Racketeer, Wrongful Eviction

### VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 4,800,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

SIGNATURE OF ATTORNEY OF RECORD
X

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☒ Yes ☐ No

   If yes, give the following information:

   Court: __Eastern District of Michigan__

   Case No.: __UNK__

   Judge: __Honorable Drain__

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☒ Yes ☐ No

   If yes, give the following information:

   Court: __HUD ALJ__

   Case No.: __05-14-0268-8__

   Judge: __None__

Notes:

The statements made in the letter of disposition do not coinside with factual statements and evidence found

# New Lawsuit Check List

Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

☒ Two (2) completed **Civil Cover Sheets.**

☒ Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

_2_ + 2 = _only 2 complaints_ **Complaints.**
# of Defendants     Total

Case: 2:16-cv-10729
Judge: Lawson, David M.
MJ: Patti, Anthony P.
Filed: 03-01-2016 At 01:57 PM
CMP FLAKE V. GROUP FIVE MANAGEMENT
ET AL (NA)

Received by Clerk _(NA)_ Addresses are complete: _____

☐ If any of your defendants are **government agencies**:
Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

| If Paying The Filing Fee: | If Asking That The Filing Fee Be Waived: |
|---|---|
| ☐ Current new civil action filing fee is attached.<br><br>Fees may be paid by check or money order made out to:<br><br>**Clerk, U.S. District Court**<br><br>Received by Clerk: _____ Receipt #:_____ | ☒ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms.<br><br><br>Received by Clerk: _(NA)_ |

**Select the Method of Service you will employ to notify your defendants:**

| Service via Summons by Self | Service by U.S. Marshal (Only available if fee is waived) | Service via Waiver of Summons (U.S. Government cannot be a defendant) |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address.<br><br><br><br><br>Received by Clerk: _____ | ☒ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint.<br><br>☒ Two (2) completed **Request for Service by U.S. Marshal** form.<br><br><br>Received by Clerk: _(NA)_ | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk.<br><br>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need:<br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant.<br>• Two (2) **Waiver of the Service of Summons** forms per defendant.<br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

**Clerk's Office Use Only**

Note any deficiencies here:

_No address for JDG & Associates_

Rev. 4/13